Denorris BLAYLOCK, Plaintiff,

v.

Patricia HARRIS, Secretary of Health and Human Services, Defendant.

No. 80–0207–CV–W–5.

United States District Court,
W. D. Missouri, W. D.

Oct. 28, 1981.

K. Colleen Nunnelly, Kansas City, Mo., for plaintiff.

Judith Strong, Asst. U. S. Atty., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

### SCOTT O. WRIGHT, District Judge.

The plaintiff seeks review of the Secretary's final decision to deny his application for supplemental security income (SSI) benefits. 42 U.S.C. § 1381 et seq. The principal issue before this Court is whether $4,250.00, which accumulated in the plaintiff's Civil Service retirement account prior to the termination of his employment, is a resource that renders the plaintiff ineligible for Supplemental Security Income benefits. The conclusion of the Administrative Law Judge (ALJ), which stands as the final decision of the Secretary, was that the retirement account is an available resource to the plaintiff that rendered the plaintiff ineligible for SSI benefits. After a careful review of the record and the briefs submitted by the parties, the Court affirms the final decision of the Secretary.

## SUMMARY OF FACTS

The plaintiff was employed by the United States Postal Service on June 26, 1967, but was fired by the Postal Service on November 16, 1977. As a Postal Service employee, the plaintiff accumulated $4,250.00 in his Civil Service retirement account. The Civil Service regulations with respect to retirement account funds permit the plaintiff to presently withdraw all of the money from his account. The plaintiff has chosen not to withdraw any money. The ALJ found, for the period from July 3, 1978 to May 3, 1979, that the $4,250.00 in the plaintiff's Civil Service retirement account was a resource currently available to the plaintiff. Because $4,250.00 exceeds the maximum allowable for eligibility to receive SSI, the ALJ denied the plaintiff's application for SSI benefits. The plaintiff chooses to keep the money in his retirement account in order to remain eligible for Civil Service retirement benefits. The plaintiff is not currently eligible for Civil Service retirement benefits.

## OPINION

This Court must determine whether the $4,250.00 accumulated in the plaintiff's Civil Service Retirement account must be counted as a resource that could render the plaintiff ineligible for SSI benefits. With respect to the plaintiff, who does not have an eligible spouse, the resource and income requirements for eligibility to receive SSI provide:

(a)(1) Each aged, blind, or disabled individual who does not have an eligible spouse and—

(a) whose income . . . is at a rate of not more than $1,752 . . . for the calendar year 1974 . . . and

(b) whose resources, other than resources excluded pursuant to section 1382(a) of this title, are not more than (i) in case such individual has a spouse with whom he is living, $2,250.00 (ii) in case such individual has no spouse with whom he is living, $1,500,

shall be an eligible individual for purposes of this subchapter.

42 U.S.C. § 1382(a)(1). As "resources" is defined by the SSI Act, certain types of property are excluded from its parameters. 42 U.S.C. § 1382(b). Retirement accounts are not among the types of properties specifically listed as exclusions. The retirement account, however, might be excluded if it is the type of "property which, as determined in accordance with and subject to limitations prescribed by the Secretary, is so essential to the means of self-support of" an SSI claimant. 42 U.S.C. § 1382b(a)(3).

The Secretary has fashioned regulations which facilitate the determination of whether a particular type of property should be excluded as essential to the self-support of a SSI claimant. See, 20 C.F.R. § 416.1220—416.1224. According to the regulations, property essential to self-support includes property used in a trade or business, and property which is not used in a trade or business "but which nevertheless

produces income or is otherwise necessary to the self-support of the individual . . . ." 20 C.F.R. § 416.1220. Property which is not used in the trade or business, however, cannot include liquid resources. *Id.* "Liquid resources" are defined by the Secretary as "those properties that are in cash or are financial instruments which are convertible to cash." 20 C.F.R. § 416.1201(b); they include cash on hand, cash in savings or checking accounts, stocks, bonds, mutual fund shares, promissory notes, mortgages and similar properties. *Id.*

■ The regulations, therefore, provide that the retirement account may not be excluded as property essential to self-support of the claimant, if the account is a liquid resource. The plaintiff contends that the Secretary's decision to categorize all liquid resources as those which can never qualify as essential to self-support is arbitrary and unreasonable. The Court finds, however, that the regulations promulgated by the Secretary, in accordance with the directive contained in 42 U.S.C. § 1382b(a)(3), manifest just and reasonable criteria and capture the spirit of what Congress collectively intended when it directed the Secretary to limit excludable property. *See generally*, 1972 U.S.Code Cong. & Ad. News 4989. The Secretary has limited the exclusion of "non-business property" to the types of property that are relied on by a claimant as a significant factor in producing income on which he can subsist, that are used to produce goods essential to the support of the individual, or that are used to provide services essential to the individual's support. 20 C.F.R. § 416.1224(a). The Court finds these limitations reasonable and agrees with the Secretary's determination that liquid assets are not the type of resources which should be excluded as "so essential to the self-support" of an SSI claimant.

■ The test, therefore, becomes whether the plaintiff's Civil Service retirement account is a liquid resource. The plaintiff initially argues that the retirement account is not a liquid resource because it is not specifically mentioned in the series of ex-

amples listed in the regulations. *See*, 20 C.F.R. 416.1201(b). The plaintiff, however, has inadvertently overlooked the concluding phrase following the series of examples which states that the fact-finder must consider "similar properties." *Id.* The Court considers the retirement account to be property similar to a savings account; the $4,250.00 credited to the plaintiff's Civil Service retirement account is a liquid resource. 20 C.F.R. 416.1201(a) and (b). Because the plaintiff is presently entitled to a full refund of the amount credited to his retirement account, he can readily convert the $4,250.00 credit to cash and use the cash for his support and maintenance. *Id.* Plaintiff asserts that the account is not a liquid resource as long as the monies remained in the retirement account because, while in the account, the monies cannot be assigned or pledged, and are generally exempt from execution, levy, attachment or garnishment. Plaintiff's assertion, however, ignores the fact that he can remove the money from the account, thereby relieving it of any restrictions on its use. Even if this Court were to find that the Secretary's regulations denying exclusion for all liquid resources was unreasonable, the Court could not, in good conscience, find that the retirement account is "so essential to the means of self-support" of the plaintiff. 42 U.S.C. § 1382b(a)(3). The retirement account is not presently providing the plaintiff with any support.

The plaintiff lastly argues that the retirement account must not be touched because it may someday provide him with Civil Service retirement or disability benefits. This argument fails when considered in the light of what Congress has directed the Secretary to do with respect to insurance policies. The Secretary, in determining the resources of an individual, must take into account insurance policies, but only to the extent of the policy's cash surrender value. 42 U.S.C. § 1382b(a). Thus, the cash value of an insurance policy, which may contemplate retirement or disability benefits for its holder, may not be excluded from a claimant's resources except where the total face

value of all "life" insurance policies is $1,500.00 or less. *Id.*

The Court is aware of only one reported case that has resolved a similar issue. In *Katz v. Harris,* 493 F.Supp. 1304, 1314 (S.D. N.Y.1980), the district court found that a claimant's cash surrender value of a burial policy, which the claimant purchased for her daughter, should not be computed as one of the claimant's countable resources. The burial policy as viewed by the *Katz* court, is readily distinguishable from the plaintiff's retirement account. In *Katz,* the receipt for the burial contract was clearly marked for the claimant's daughter. *Id.* at 1314. The other contracting party kept the account solely in the name of the claimant's daughter. *Id.* The ALJ in *Katz* had counted the cash surrender value of the burial policy, but the *Katz* court distinguished the burial policy from other cash surrender policies on the grounds that the burial policy was kept in the name of the claimant's daughter and that the claimant retained no personal interest in the policy. *Id.* No similar distinguishing elements are extant with respect to plaintiff's retirement account.

For all of these reasons, the Court affirms the decision of the ALJ to include the $4,250.00 retirement account in his computation of the SSI benefits available to the plaintiff. The plaintiff's application for Supplemental Security Income benefits was properly denied. Accordingly, it is hereby

ORDERED that the Secretary's decision be affirmed. It is further

ORDERED that each party bear his or its own costs.