Inez MILLER, Plaintiff,

v.

H. Rollin IVES, Commissioner, Maine Department of Human Services, in his official capacity, Defendant and Third–Party Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary, United States Department of Health & Human Services, in his official capacity, Third–Party Defendant.

Civ. No. 89–0213–B–H.

United States District Court,
D. Maine.

Nov. 20, 1991.

**50**

Martha A. Grant, Legal Services for the Elderly, Presque Isle, Me., for plaintiff.

Marina E. Thibeau, Asst. Atty. Gen., Augusta, Me., for defendant and third-party plaintiff.

Mark S. Ledford, Social Security Div., Dept. of Health & Human Services, Baltimore, Md., for third-party defendant.

## MEMORANDUM DECISION

HORNBY, District Judge.

The issue in this case is whether a Social Security Administration regulation is consistent with a federal statute defining eligibility for Supplemental Security Income ("SSI") benefits. Because Maine provides Medicaid on the basis of the federal standard, interpretation of Maine Medicaid reg-

ulations is also involved. The case is presented for judgment on a stipulated record following rulings by a federal administrative law judge and a state hearing officer. The plaintiff has exhausted her administrative remedies.

In the case of aged applicants, Congress limits SSI benefits to those who have less than a specific dollar amount of resources, 42 U.S.C. § 1382(a)(1). In counting the dollar value of an applicant's resources, Congress has instructed that "property which, as determined in accordance with and subject to limitations prescribed by the Secretary, is so essential to the means of self-support of such individual ... as to warrant its exclusion" is not to be considered. 42 U.S.C. § 1382b(a)(3).[1] The Secretary of Health & Human Services has therefore promulgated a regulation, 20 C.F.R. § 416.-1220, governing the determination of when property is essential to self-support and setting limits on the amount that can be excluded. According to the regulations, "liquid" resources used in a trade or business that is essential to an applicant's self-support are not counted. But when an applicant has liquid resources that are *not* used in a trade or business, they are counted and may disqualify her for SSI benefits. In this case, applicant Inez Miller had a certificate of deposit of $5,000 and a checking account balance of $1,440. As a result, she was found disqualified for Medicaid and SSI benefits even though her certificate of deposit generated monthly interest payments of about $32 thereby contributing, she argued, to her self-support. Miller contends that both the federal and state regulations are contrary to federal law.

■ The parties devote a large portion of their briefs to debating the standard of review for various types of regulations. The award of SSI benefits, however, is an area where Congress has directed the Sec-

---

**1.** Congress later amended the statute to read as follows:

Other property which is so essential to the means of self-support of such individual (and such spouse) as to warrant its exclusion, as determined in accordance with and subject to limitations prescribed by the Secretary, except

that the Secretary shall not establish a limitation on property (including the tools of a tradesperson and the machinery and livestock of a farmer) that is used in a trade or business or by such individual as an employee.

42 U.S.C. § 1382b(a)(3). This amendment does not affect the analysis in this case.

retary to promulgate interpretive regulations, and the Supreme Court has made clear that if Congress has been silent or ambiguous on the specific issue (as it obviously has been here), " 'the question for the court is whether the agency's answer is based on a permissible construction of the statute,' ... that is, whether the agency's construction is 'rational and consistent with the statute,' " *Sullivan v. Everhart,* 494 U.S. 83, 89, 110 S.Ct. 960, 964, 108 L.Ed.2d 72 (1990), *quoting Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) and *NLRB v. Food & Commercial Workers,* 484 U.S. 112, 108 S.Ct. 413, 98 L.Ed.2d 429 (1987) (citations omitted). Put another way, "[s]ince the Social Security Act expressly grants the Secretary rule-making power ... ' "our review is limited to determining whether the regulations promulgated exceeded the Secretary's statutory authority and whether they are arbitrary and capricious." ' " *Sullivan v. Zebley,* 493 U.S. 521, 528, 110 S.Ct. 885, 890, 107 L.Ed.2d 967 (1990), *quoting Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), in turn *quoting Heckler v. Campbell,* 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983); *Maine Ass'n of Interdependent Neighborhoods v. Commissioner,* 946 F.2d 4, 6 (1st Cir.1991).

Under this standard of review, I conclude that the Secretary's regulation as applied to Miller is valid. The statute sets out a framework in which an applicant's resources are to be tallied. If they exceed a certain sum, the applicant is disqualified. Section 1382b provides that in tallying resources, the agency shall exclude (1) a home, (2) household goods, personal effects and a car, (3) the value of burial space, (4) other "property" essential to an individual's self-support, (5) resources of an individual who is blind or disabled but who has a plan for achieving self-support; and so forth. In light of the sequence of the categories preceding it, it would not be unreasonable to think that Congress, in excluding "other property" from the tally, was referring to physical property such as tools of a trade, a farm or woodlot, etc., rather than currency, bank accounts, certificates of deposit and the like.[2] If that is a correct interpretation, it would be the end of the matter for Miller's argument. But, in elaborating on what is to be excluded under this category, the Secretary has specified: "Liquid resources other than those used as part of a trade or business are not property essential to self-support." 42 C.F.R. § 416.1220. Although this statement still clearly requires that Miller's certificate of deposit be counted (thereby disqualifying her), the negative implication of the statement—that liquid resources *used* in a trade or business will *not* be counted against the applicant—furnishes the basis for Miller's argument challenging the regulation. She contends that the distinction is

---

**2.** Both the House and the Senate Committees referred to countable resources as those resources "readily convertible to cash, such as stocks and bonds." H.R.Rep. No. 92–231, 92nd Cong. 2nd Sess. (1972), *reprinted in* 1972 U.S.Code Cong. & Admin.News 4989, 5139–40 (House Ways and Means Comm.); S.Rep. No. 92–1230, 92nd Cong. 2nd Sess. (1972) at 389 (Senate Finance Comm.). The Ways and Means Committee Report listed as excludable items things such as "an automobile needed for purposes of employment, the tools of a tradesman, farm machinery and the inventory of a small business." H.R.Rep. No. 92–231, 92nd Cong. 2nd Sess. (1972), *reprinted in* 1972 U.S.Code Cong. & Admin.News at 5139–40. Likewise the Senate referred to excluding things "such as the tools of a tradesman, farm machinery, the inventory of a small business and the land surrounding a small rural home." S.Rep. No. 92–1230, 92nd Cong. 2nd Sess. (1972) at 389. Another segment of the House Ways and Means

Committee Report also suggests that the Congress was not considering liquid resources in this calculation. The Report states:

> resources in excess of the $1,500 that are readily convertible to cash, such as stocks and bonds, *would be counted* as a resource in determining an individual's eligibility for assistance benefits.

H.R.Rep. No. 92–231 *supra* (emphasis supplied). That is a clear statement that liquid resources will be counted. Then the Report states:

> Your committee believes that where income-producing property is not used as part of a trade or business, the value of such property should be excluded from the resources limitation only to the extent it is producing a reasonable return and the Bill so provides.

*Id.* To read that sentence as referring to liquid investments would make it inconsistent with what precedes it. It makes sense, however, if it refers to property other than liquid resources.

irrational and that Congress effectively excluded liquid resources regardless of whether they generate only interest income to an individual investor or a return in a trade or business so long as either can be deemed essential to self-support.

■ I conclude that the Secretary's decision to exclude liquid resources used in a trade or business does not invalidate the Secretary's general rule that liquid resources will be counted in considering whether an applicant qualifies, and that the latter is consistent with the statute. After all, the statute is designed to allow an assessment of what resources an applicant has. If an applicant could avoid having her resources counted simply by putting them in an interest-bearing account (thereby arguing that they were essential to her self-support because of their generation of interest) the monetary ceiling on resources set by Congress would have very little substance. Although it may not be compelled by statute, it is not irrational, arbitrary or capricious for the Secretary to distinguish the case of a trade or business where liquid resources may be necessary to maintain that trade or business [3] from the situation where an individual simply has personal cash investments or their equivalent. I conclude, therefore, that the Secretary's interpretation of the statute should be sustained. *Accord, Blaylock v. Harris*, 531 F.Supp. 24 (W.D.Mo.1981).

■ Maine's Medical Assistance Eligibility Manual, as in effect at the time Miller applied, includes as an exempt asset: "All property which is used to produce income or produce goods or services for home consumption." Me. Dept. of Hum. Serv. Reg. 3310.11 (July 1988) (Maine Medical Assistance Eligibility Manual). It then goes on to list garden plots and woodlots as examples of such property. Miller argues that her certificate of deposit should fit within § 3310.11's definition of property used to produce income despite the fact that the examples given are clearly not liquid re-

sources. But even if the wording of the regulation is considered ambiguous, Maine statutory law is clear that the state regulations are to comply with federal law and requirements, *see* 22 M.R.S.A. § 3174, and the regulations themselves echo this mandate. *See* Me. Dept. of Hum. Serv. Reg. 1000 (Maine Medicaid Eligibility Manual) (February 1988). Accordingly, I conclude that the State hearing officer interpreted the State regulation appropriately in concluding that liquid resources not used in a trade or business are to be counted against the applicant.

The plaintiff has ten (10) days following the issuance of this decision to show cause why I should consider certifying the proposed class. In the absence of such a showing, I will find it unnecessary to rule on the motion for class certification.

Therefore, the Clerk shall enter JUDGMENT for the defendants and against the plaintiff. No costs.

---

**3.** There is a strong policy argument for permitting such liquid resources to be excluded, for many trades or businesses require some modicum of cash or liquid resources to pay bills as they accrue or to purchase inventory. Without the exclusion of these kinds of liquid resources, the trade or business exclusion would itself be illusory.